HUDSON et al. v. WHITMIRE.

(District Court, N. D. Florida. November 13, 1896.)

SALVAGE—SUITS IN REM AND PERSONAM.

Under the general admiralty law (which is not limited in this respect by admiralty rule 19), a salvor of property which has been taken from his possession by replevin in a state court may maintain a suit in personam against the owner to recover salvage compensation.

This was an action in personam by Benjamin Hudson and others against K. J. Whitmire to recover compensation for salving timber found adrift on Pensacola Bay. The cause was heard on exceptions to the libel.

B. C. Tunison, for libelants.

Blount & Blount, for respondent.

SWAYNE, District Judge. This is an action in personam by Benjamin Hudson et al. against K. J. Whitmire to recover compensation for saving timber adrift and in peril of loss and damage in Pensacola Bay. The libel sets up the finding and saving of 550 pieces, more or less, of timber; that respondent subsequently, and while said timber was in possession of salvors, caused a writ of replevin to issue from the state court, against libelant Hudson; and the sheriff of Santa Rosa county, Fla., by virtue of a writ of replevin, took said timber into his possession, and would deliver the same to the respondent, K. J. Whitmire, in three days. Libel further charges that the said replevin proceedings were instituted in the state court by said respondent for the purpose of defeating the claim of libelants for salvage, and that the value of the timber is about $2,000. To this libel the respondent excepts, because—First, it does not show any liability of the respondent to the libelants;

second, it does not show any cause of action cognizable in this court as a court of admiralty; third, it shows that the property mentioned therein and the controversy in this suit were at the time of the institution thereof, and still are, in litigation in the state court of Santa Rosa county, Fla.

The principal question raised in the brief and on the argument by the proctors for the respondent was that the libel does not show any personal liability in this court upon the respondent, contending— First, that it is not allowed by admiralty rule No. 19, promulgated by the supreme court of the United States; second, that it is not allowed by the general principles of the admiralty law.

Admiralty rule No. 19 provides:

"In all suits for salvage, the suit may be in rem against the property saved, or the proceeds thereof, or in personam against the party at whose request, and for whose benefit the salvage service has been performed."

No one questions the authority of the supreme court to establish this rule, nor the force of law that it carries with it, the court itself having always treated it as obligatory; but the respondent's contention that the rule prescribes the cases in which suits for salvage in rem and in personam may be prosecuted, and distinctly limits suits against persons at whose request and for whose benefit the salvage service has been performed, is not sustained by the authority cited, that of The Mayflower v. The Sabine, 101 U. S. 384. In this case, Justice Clifford delivered the opinion of the court; the principal question disposed of there being that salvors cannot proceed in rem against the ship and cargo, and in personam against the consignees, in the same libel. He admits that in some cases the salvors may proceed against the ship and cargo in rem, or in personam against the owners of the property saved; and he adds that, if the property is "removed from the jurisdiction to defeat the remedy, no doubt is entertained that they may proceed in personam against the owners of the property saved, though the case is not specifically provided for in the nineteenth admiralty rule, to which reference has been made."

McLean, Circuit Justice, speaking of the nineteenth rule in admiralty, in Gates v. Johnson, Fed. Cas. No. 5,268, says:

"The rules in admiralty prescribing proceedings in certain cases are not to be regarded as restrictive, but only as enumerating the more common remedies, leaving such other and further proceedings to be had by the courts as might be found necessary in any case to give effect to their jurisdiction."

Benedict, District Judge, in Seaman v. Railway Co., Fed. Cas. No. 12,582, says:

"The maritime law, while it is careful to secure the salvors their compensation, by giving them a lien upon the property saved, does not compel them in all cases to proceed against the property to secure the benefits of their lien. Such a rule would cause unnecessary expense, and in many cases serious embarrassment to commerce, to avoid which the salvor is permitted to surrender the property to its owner, and, to the extent of its value, to hold him personally liable for the proper salvage compensation for the benefits received."

Ware, District Judge, in The Emblem, Fed. Cas. No. 4,434, says:

"If the owner wishes to receive the property before the proceedings at law are instituted, and the salvor delivers it to him, a personal libel may be maintained for the salvage."

And he adds:

"This is solely on the ground of his possession of the property."

The matter of salvage was not in litigation in the state court, that question not being cognizable there; and if a salvor is permitted to voluntarily surrender the property, and have his remedy in personam, he has the same right to let the possession of the property be wrested from him by a sheriff by virtue of a writ of replevin, and look to the personal remedy for proper salvage compensation.

The libelants had a lien upon the timber saved, which they could have enforced in a proceeding in rem in this court, and which the respondent would have been compelled to satisfy; and having taken this property from the libelants, in the manner above stated, thereby defeating their action in rem, he is liable in personam to make reasonable compensation to the salvors for their service. This result would seem to be the just and natural conclusion, not only from the allegations in the libel, but from the decisions hereinbefore cited. The respondent has possessed himself of the property saved, and he has received the benefit of the labor of the salvors. They no longer can proceed in rem, in consequence of his action in the state court, and he is charged in the libel with having so proceeded for the purpose of defeating the claim of the libelants for compensation for their salvage service. It is the duty of the court to so hold, that the salvors may secure the benefit of their lien of this property without unnecessary expense or embarrassment to them, and not to allow the respondent to thus defeat the libelants' claim for salvage service, though the case is not specifically provided for in the nineteenth admiralty rule. The exceptions to the libel are overruled.